IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JACK AARON PIERCE,

    Plaintiff,

vs.                              No. CV 19-00493 JB/KBM

STATE OF NEW MEXICO, LEA COUNTY
CORRECTIONAL FACILITY, GEO GROUP,

    Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte*. Plaintiff Jack Aaron Pierce is an incarcerated prisoner. He filed a Prisoner's Civil Rights Complaint on May 28, 2019. (Doc. 1). Pierce initially did not pay the filing fee or submit an application to proceed *in forma pauperis*. Following entry of an Order to Cure Deficiency, Pierce did submit an Application to Proceed under 28 U.S.C. § 1915, but neglected to include the required 6-month inmate account statement. (Doc. 2, 3). Following a Second Order to Cure Deficiency, Pierce then submitted his account statement. (Doc. 7).

Based on the analysis under 28 U.S.C. § 1915(b), the Court granted Pierce leave to proceed *in forma pauperis* on July 10, 2019. (Doc. 9). The Court also required Plaintiff Pierce to make an initial partial payment of $66.65 or show cause why he should not be required to make the payment within 30 days of entry of the Order. (Doc. 9 at 2).

When a prisoner is granted leave to proceed *in forma pauperis*, § 1915 provides:

> "The court ***shall*** assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."

1

28 U.S.C. § 1915(b)(1) (emphasis added). Pierce's 6-month inmate account statement shows that Pierce had an account balance sufficient to pay the initial partial payment, but spends his money on commissary purchases. (Doc. 7). *See, also, Shabazz v. Parsons,* 127 F.3d 1246, 1248-49 (10th Cir. 1997). "[W]hen a prisoner has the means to pay an initial partial filing fee and instead spends his money on amenities at the prison canteen or commissary, he should not be excused for failing to pay the initial partial filing fee." *Baker v. Suthers,* 9 F. App'x 947. 949 (10th Cir. 2001). More than 30 days has elapsed since entry of the Order and Plaintiff Pierce has not paid the $66.65 initial partial payment or shown cause why he should be relieved of the obligation to pay.

Plaintiff Pierce was ordered to make the required partial payment under § 1915(b)(1) or show cause why the payment should be excused, but has failed to comply with the Court's Order. The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n.3 (10th Cir. 2003). The Court will require Plaintiff Pierce to show cause, within 30 days of entry of this Order, why this action should not be dismissed for non-compliance with the Court's July 10, 2019 Order. Failure to show cause or otherwise respond to this Order may result in dismissal of this case without further notice.

IT IS ORDERED that Plaintiff Jack Aaron Pierce show cause, within 30 days of entry of this Order, why this case should not be dismissed for failure to comply with the Court's July 10, 2019 Order.

_____
UNITED STATES MAGISTRATE JUDGE