# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JACK AARON PIERCE,

      Plaintiff,

vs.                                            No. CV 19-00493 KWR/KBM

STATE OF NEW MEXICO,
LEA COUNTY CORRECTIONAL FACILITY,
GEO GROUP,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court *sua sponte* on the Prisoner's Civil Rights Complaint filed by Plaintiff Jack Aaron Pierce. (Doc. 1). The Court will dismiss the Complaint without prejudice for failure to comply with Court Orders and failure to prosecute this action.

Plaintiff Pierce is an incarcerated prisoner. He filed his Prisoner's Civil Rights Complaint on May 28, 2019. (Doc. 1). Pierce initially did not pay the filing fee or submit an application to proceed *in forma pauperis*. Following entry of an Order to Cure Deficiency, Pierce did submit an Application to Proceed under 28 U.S.C. § 1915 but neglected to include the required 6-month inmate account statement. (Doc. 2, 3). Following a Second Order to Cure Deficiency, Pierce then submitted his account statement. (Doc. 7).

Based on the analysis of his inmate account statement under 28 U.S.C. § 1915(b), the Court granted Pierce leave to proceed *in forma pauperis* on July 10, 2019. (Doc. 9). The Court also required Plaintiff Pierce to make an initial partial payment of $66.65 or show cause why he should not be required to make the payment within 30 days of entry of the Order. (Doc. 9 at 2). Plaintiff Pierce did not pay the $66.65 initial partial payment or show cause why he should be relieved of

1

the obligation to pay.

On October 23, 2019, the Court issued an Order to Show Cause, ordering Plaintiff Pierce to show cause within 30 days why the Complaint should not be dismissed for failure to make the initial partial payment. (Doc. 10). The Order to Show Cause notified Pierce that if he did not make the initial partial payment or show cause within 30 days, the case could be dismissed without further notice. (Doc. 10 at 2).

Pierce responded to the Court's Order to Show Cause on November 19, 2019. (Doc. 11). In his response, Pierce claimed that he had filled out a debit memo in the amount of $66.65 on November 15, 2019 and given it to a prison staff member, and that the payment would be processed and sent to the Court. (Doc. 11 at 1). No actual evidence that Pierce had requested the $66.65 payment from prison officials was included with the response and the response does not include any statement under penalty of perjury or under oath. Pierce also claimed that the reason he had not made the payment in a timely manner was because he had been moved around by prison officials several times since the filing of his Complaint and his mail was continuously having to be forwarded to a new prison address. (Doc. 11 at 1). The Court notes that, although he makes reference to being moved, at no time since the commencement of this case has Plaintiff Pierce ever filed a notification with the Court of any change of address.

More than 30 days has elapsed since entry of the Court's October 23, 2019 Order and Plaintiff Pierce still has not made the initial partial payment or shown cause why the case should not be dismissed. When a prisoner is granted leave to proceed *in forma pauperis*, § 1915 provides:

> "The court ***shall*** assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."

28 U.S.C. § 1915(b)(1) (emphasis added). Plaintiff Pierce was ordered to make the required partial payment under § 1915(b)(1) or show cause why the payment should be excused but has failed to comply with the Court's Order. Further, under the Local Rules of the Court, Pierce was obligated to keep the Court apprised of his correct mailing address but has failed to do so. D.N.M. LR-Civ. 83.6; *Bradenburg v. Beaman,* 632 F.2d 120, 122 (10th Cir. 1980).

The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n.3 (10th Cir. 2003). Pierce has failed to comply with the Court's rules and orders and has failed to prosecute this proceeding by not making the initial partial payment and by not keeping the Court notified of his current mailing address. The Court will dismiss this proceeding under Fed. R. Civ. P. 41(b) for failure to comply with the Court's Order and failure to prosecute this action.

Also pending before the Court are Plaintiff Pierce's Motion to Amend Prisoner's Civil Rights Complaint (Doc. 4), Motion to Add Document to Above Civil Action Case No. (Doc. 8), and Motion to Amend and Add to Complaint (Doc. 12). The Court will deny the pending motions as moot in light of the dismissal of this case.

**IT IS ORDERED:**

(1) Plaintiff Jack Aaron Pierce's Motion to Amend Prisoner's Civil Rights Complaint (Doc. 4), Motion to Add Document to Above Civil Action Case No. (Doc. 8), and Motion to Amend and Add to Complaint (Doc. 12) are **DENIED** as moot; and

(2) the Prisoner's Civil Rights Complaint filed by Plaintiff Jack Aaron Pierce (Doc. 1) is **DISMISSED without prejudice** under Fed. R. Civ. P. 41(b).

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE